# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr83

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **PRELIMINARY ORDER** |
| ) | **OF FORFEITURE** |
| WALTER QUINCEY DAVIS. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 15].

## PROCEDURAL HISTORY

On August 20, 2009, the Defendant was charged in a one count bill of indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1). [Doc. 1]. The indictment contains a notice of forfeiture of

1. a Bersa .380 caliber pistol, serial number 598269.
2. .380 caliber ammunition.

[Id., at 2]. These are the items described in the bill of indictment as having

been in the possession of the Defendant.

On February 11, 2010, the Defendant entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the count of the indictment. [Doc. 13]. The plea agreement contains the following provision:

> The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment including, but not limited to, all assets specifically listed in the Bill of Indictment and all assets listed in any separate list or consent order signed by the defendant.

[Id., at 6].

On February 17, 2010, the Defendant attended his Rule 11 hearing and entered his plea of guilty to the indictment. [Doc. 14]. The Government thereafter moved for a preliminary order of forfeiture. In that motion, it clarified that six rounds of ammunition were seized from the Defendant at the time of his arrest.

## DISCUSSION

Federal Rule of Criminal Procedure 32.2(b) provides in pertinent part:

> As soon as practicable after a ... plea of guilty ... is accepted, on any count in an indictment ... regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether

the government has established the requisite nexus between the property and the offense. ... The court's determination may be based on evidence already in the record, including any written plea agreement[.]

Fed.R.Crim.P. 32.2(b)(1).

21 U.S.C. §853(a)(2) provides that a court shall order a person to forfeit to the United States "any of the person's property used, ... in any manner or part, to commit, or to facilitate the commission of, such violation[.]" Obviously, the firearm and ammunition which the Defendant illegally possessed and which were seized at the time of the Defendant's arrest constitute such property. The Court finds the admissions of the Defendant in his plea agreement establish a nexus between the property sought to be forfeited and the offense. As a result, the Court will enter a preliminary order of forfeiture as to those items.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 15] is hereby **GRANTED** and the following items are hereby preliminarily forfeited to the United States for disposition according to law: (1) a Bersa .380 caliber pistol, serial number 598269; and (2) six rounds of .380 caliber ammunition.

**IT IS FURTHER ORDERED** that the United States shall comply with all applicable substantive and procedural provisions prior to seeking a final order of forfeiture and shall provide notice thereof to the Court.

Signed: February 25, 2010

Martin Reidinger
United States District Judge