# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr83

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WALTER QUINCEY DAVIS. ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion to Disqualify Counsel and Appointment of New Counsel [Doc. 35].

On October 20, 2010, the Defendant was convicted of possession of a firearm by a convicted felon and sentenced to 77 months of imprisonment. [Doc. 29]. In August 2012, the Defendant was identified as a defendant potentially impacted by the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). As a result, the Defendant was appointed counsel from the Federal Defenders of Western North Carolina. [Doc. 34].

The Defendant now moves for different counsel citing the delay in determining whether he would be eligible for any relief pursuant to Simmons. "An indigent defendant … has no right to have a particular

lawyer represent him and can demand a different appointed lawyer only with good cause." United States v. Horne, 339 Fed. App'x. 343, 347 (4th Cir.), cert. denied 558 U.S. 1017, 130 S.Ct. 567, 175 L.Ed.2d 392 (2009) (quoting United States v. Gallop, 838 F.2d 105, 108 (4th Cir.), cert. denied 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988)). Nor does the Sixth Amendment guarantee a meaningful relationship between the accused and his counsel. Morris v. Slappy, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Here, the Defendant has been identified as one of literally thousands of individuals whose sentences may be impacted by the Simmons decision. The fact that counsel has not yet made a professional determination as to whether a procedural mechanism for relief applies or does not apply to this Defendant is not grounds for her removal. United States v. Chapman, 593 F.3d 365, 370 (4th Cir.), cert. denied ____ U.S. ____, 131 S.Ct. 900, 178 L.Ed.2d 747 (2011) (tactical decisions remain in the hands of the defense attorney who must also act as an officer of the court).

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion to Disqualify Counsel and Appointment of New Counsel [Doc. 35] is hereby **DENIED**.

Signed: May 21, 2013

Martin Reidinger
United States District Judge